IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| ROBERT COLEMAN, | * | |
| ADC #146255, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 5:12-cv-00137-SWW |
| | * | |
| MIKE BEEBE, Governor of Arkansas; *et al.*, | * | |
| | * | |
| Defendants. | * | |

**ORDER**

Plaintiff, Robert Coleman, is an inmate in the Arkansas Department of Correction East Arkansas Regional Unit. He has filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. Having reviewed Plaintiff's Complaint (Doc. No. 2), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his Complaint (Doc. No. 2) should be DISMISSED.

**I.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*,


780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    ANALYSIS**

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his Complaint, Plaintiff names the following Defendants: Arkansas Governor Mike Beebe; David Henry;  Robert Dittrich; Arkansas County, Arkansas; and the Arkansas Supreme Court.  He sues each defendant only in their individual capacities.  In order to hold the defendants liable under §1983 in their individual capacities, Plaintiff must show that each defendant was personally involved in the alleged deprivation of his constitutional rights and that liability cannot not be predicated solely

on the grounds of *respondeat superior*. *See Parrat v. Taylor*, 451 U.S. 527, 537 n.3 (1981); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### A. Governor Mike Beebe, David Henry, Robert Dittrich

Plaintiff's claims against Governor Beebe and Defendants Henry and Dittrich should be dismissed. In his Complaint, Plaintiff broadly claims that the Defendants engaged in a conspiracy to imprison him. (Doc. No. 2) However, he, fails to allege that any of these Defendants took specific actions that resulted in the deprivation of his constitutional rights. Plaintiff's claims against these Defendants should therefore be DISMISSED for failure to state a claim upon which relief may be granted.

### B. Arkansas County, Arkansas

Plaintiff also fails to state a claim against Arkansas County. A county can be held liable under § 1983 only if the a county policy or custom caused the deprivation of a plaintiff's constitutional rights. *See L.L. Nelson Enter., Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 811 (8th Cir. 2012); *Miskovich v. Indep. Sch. Dist. 318*, 226 F. Supp.2d 990, 1012 (D. Minn. 2002). Plaintiff fails to allege that a county policy or custom caused the deprivation of his constitutional rights. The Court hereby finds that Plaintiff's claims against the County should be DISMISSED for failure to state a claim.

### C. Arkansas Supreme Court

Courts are not persons within the meaning of § 1983. *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993). Thus, Plaintiff's claims against the Arkansas Supreme Court should also be DISMISSED.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.	Plaintiff fails to state a claim upon which relief may be granted against any of the named Defendants and his Complaint (Doc. No. 2) should be DISMISSED without prejudice.

2.	Dismissal of Plaintiff's Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

4.	All pending motions are DENIED as moot.

DATED this 23rd day of May 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).